FILED
United States Court of Appeals
Tenth Circuit

**July 3, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARL DOUGLAS CRICK, JR.,

    Petitioner - Appellant,

v.

DAVID ROGERS, Warden,

    Respondent - Appellee.

No. 24-6190
(D.C. No. 5:21-CV-00103-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Carl Douglas Crick, Jr., an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal from the district court's denial of his

28 U.S.C. § 2254 habeas application.  We deny a COA and dismiss this matter.

**I.  BACKGROUND**

An Oklahoma state jury convicted Mr. Crick of two counts of first-degree rape,

one count of rape by instrumentation, and three counts of lewd molestation.  The trial

court sentenced him to life imprisonment.  The Oklahoma Court of Criminal Appeals

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Crick represents himself, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

(OCCA) affirmed his convictions and sentence. The OCCA denied Mr. Crick's direct appeal and subsequently denied his petition for rehearing. Mr. Crick then filed a § 2254 habeas application in federal court, alleging ineffective assistance of trial counsel. The assigned magistrate judge recommended that the application be denied, and the district court adopted the recommendation and denied habeas relief. Mr. Crick now seeks a COA to appeal the district court's rejection of his habeas application.

## II. DISCUSSION

### A. COA Requirement and Standard of Review

Before he can appeal, Mr. Crick must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Because the district court denied his claims on the merits, Mr. Crick "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), when a state court has adjudicated the merits of a claim, a federal district court may grant habeas relief on that claim only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

A state-court decision is contrary to clearly established federal law if the state court (1) "applies a rule that contradicts the governing law set forth in Supreme Court cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent." *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008) (brackets and internal quotation marks omitted). Likewise, a state-court decision involves an unreasonable application of clearly established federal law "when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts." *Id.*

## B. Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective-assistance claims. Under *Strickland*, the applicant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. The first prong requires an applicant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. The second prong requires a showing "that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"When a habeas petitioner alleges ineffective assistance of counsel, deference exists both in the underlying constitutional test (*Strickland*) and the AEDPA's standard for habeas relief, creating a doubly deferential judicial review." *Harris v. Sharp*, 941 F.3d 962, 973 (10th Cir. 2019) (internal quotation marks omitted). "Under this

3

double deference, we consider whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Id.* at 974 (internal quotation marks omitted).

Mr. Crick alleged his trial counsel was ineffective in failing to call various witnesses to testify in his defense and in failing to object to a prosecution witness's improper vouching for the credibility of the alleged victim. Mr. Crick raised these claims and requested an evidentiary hearing before the OCCA. The OCCA recognized that *Strickland* governs ineffective-assistance claims and denied the request for an evidentiary hearing, concluding that Mr. Crick had "not shown that counsel's alleged failure to utilize certain evidence, or object to certain testimony, was constitutionally deficient, or that these alleged errors denied [him] a trial whose result is reliable." R. vol. I at 28. The district court carefully examined Mr. Crick's allegations and determined that the OCCA's application of *Strickland* was reasonable.

In his COA application, Mr. Crick argues that in denying his request for an evidentiary hearing, the OCCA "avoid[ed] application of the *Strickland* standard to [his] case." COA Appl. at 15. Not so. The OCCA's determination "operates as an adjudication on the merits of the *Strickland* claim and is therefore entitled to deference under § 2254(d)(1)," because in finding that Mr. Crick failed to meet the standard required for an evidentiary hearing, the OCCA "necessarily" decided that he did not meet *Strickland*'s "more rigorous" test. *Lott v. Trammell*, 705 F.3d 1167, 1213 (10th Cir. 2013) (internal quotation marks omitted).

Mr. Crick further contends that his claim regarding his trial counsel's failure to call various witnesses to testify in his defense is akin to the facts in *Williams v. Taylor*,

4

529 U.S. 362 (2000). In *Williams*, the Supreme Court concluded counsel's performance at the sentencing phase of a capital murder trial was constitutionally deficient because counsel: (1) failed to investigate because they incorrectly believed that state law barred access to records of the defendant's "nightmarish childhood"; (2) failed to introduce evidence that he "was borderline mentally retarded and did not advance beyond sixth grade," and received commendations from prison officials who described him "as among the inmates least likely to act in a violent, dangerous or provocative way"; and (3) failed to return the phone call of an individual who had offered to testify about the defendant's character post-incarceration. *Id.* at 395–96 (internal quotation marks omitted). The Court concluded that while some of the additional evidence was unfavorable to the defendant, "the failure to introduce the comparatively voluminous amount of evidence that did speak in [the defendant's] favor was not justified by a tactical decision." *Id.* at 396.

The facts of Mr. Crick's case are much different. Here, trial counsel made a strategic decision not to call potential witnesses after a seemingly thorough investigation. As the district court explained, the proposed witness testimony at issue had admissibility problems, was cumulative, or offered little to no probative value in exonerating him. And "[e]ven considering the aggregate volume of witnesses and testimony," the district court concluded "that the OCCA did not unreasonably apply *Strickland*." R. vol. I at 673 (internal quotation marks omitted). Because the facts here are not materially indistinguishable from those in *Williams*, Mr. Crick cannot show that the OCCA should have arrived at the same result as *Williams*.

5

Finally, Mr. Crick seems to argue that the district court should not have deferred to the OCCA's ruling on his habeas claims because the OCCA is a state court, and his claims involve federal law. This argument is also unavailing. "AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights. . . . This principle applies to claimed violations of constitutional, as well as statutory, rights. . . . Especially where a case involves such a common claim as ineffective assistance under *Strickland*. . . ." *Burt v. Titlow*, 571 U.S. 12, 19 (2013).

Given the "doubly deferential" review due ineffective-assistance claims, *Harris*, 941 F.3d at 973 (internal quotation marks omitted), no reasonable jurist would debate the rejection of Mr. Crick's claims. He has not shown the OCCA's decisions were so beyond the realm of reasonableness that they could be considered contrary to or an unreasonable application of *Strickland*. Nor has he shown that the district court's evaluation of the OCCA's application of *Strickland* was debatable.

### III. CONCLUSION

We deny Mr. Crick's application for a COA and dismiss this matter.

Entered for the Court

Allison H. Eid
Circuit Judge

6